# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| **BENN JOSEPH McCURRY,** §<br>*Plaintiff* §<br>§<br>**v.** §<br>§<br>**KILOLO KIJAKAZI, ACTING** §<br>**COMMISSIONER OF SOCIAL** §<br>**SECUIRTY,** §<br>*Defendant* § | Case No. 1:21-CV-731-RP-SH |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Plaintiff's Complaint seeking judicial review of a final decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g), filed August 23, 2021 (Dkt. 1); Plaintiff's Brief, filed February 28, 2022 (Dkt. 13); and Defendant's Brief in Support of the Commissioner's Decision, filed March 25, 2022 (Dkt. 15-1). Also before the Court is the Social Security record in this case ("Tr."). Dkt. 6. The District Court referred this case to the undersigned Magistrate Judge for resolution and Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   General Background

Plaintiff Benn Joseph McCurry was born in 1987 and has a high school education. Tr. 107. Plaintiff served in the United States Navy from 2009 through 2013, and reported that he was medically discharged due to fibromyalgia. Tr. 37, 109. Plaintiff's past relevant work includes work as a hotel clerk, pharmacy technician, bomb loader, and store laborer. Tr. 40, 107. Plaintiff alleges that he has been disabled since June 28, 2013, due to fibromyalgia,

diabetes, degenerative arthritis, post-traumatic stress disorder ("PTSD"), bipolar disorder, anxiety, depression, gout, attention-deficit/hyperactivity disorder ("ADHD"), and asthma. Tr. 219, 242.

On October 7, 2019, Plaintiff filed an application for disability insurance benefits with the Social Security Administration ("SSA"). Tr. 219-20. After the SSA denied his application initially and again on reconsideration, Plaintiff requested an administrative hearing. On January 8, 2021, Administrative Law Judge William B. Howard (the "ALJ") held an administrative hearing by telephone due to the COVID-19 Pandemic. Plaintiff, who was represented by an attorney, and a vocational expert both testified at the hearing. On January 28, 2021, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. Tr. 29-42.

Plaintiff timely filed a request for review, which was denied by the Appeals Council on June 15, 2021. Plaintiff has exhausted his administrative remedies and now seeks judicial review of the administrative proceedings under the Social Security Act, 42 U.S.C. § 405(g). Plaintiff argues that the ALJ's decision should be vacated and the case remanded to the Commissioner for further proceedings.

## II.    Standard of Review

"A claimant has the burden of proving he suffers from a disability, which the Act defines as a mental or physical impairment, lasting at least a year, that precludes him from substantial gainful activity." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)). To determine if a claimant is unable to engage in "substantial gainful activity" and therefore is disabled, the Social Security Commissioner uses a five-step analysis. 20 C.F.R. § 404.1520(a)(4). The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do his "past relevant work," and (5) whether the impairment prevents the claimant from doing any

relevant work. *Id.* "If the claimant survives the first four stages, the burden shifts to the Commissioner on the fifth step to prove the claimant's employability." *Garcia*, 880 F.3d at 704. A finding at any step that the claimant is not disabled ends the inquiry. *Id.*

Judicial review of the Commissioner's final decision under Section 405(g) is "highly deferential" and limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the proper legal standards. *Id.*; *Salmond v. Berryhill*, 892 F.3d 812, 816-17 (5th Cir. 2018). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adams v. Bowen*, 833 F.2d 509, 511 (5th Cir.1987) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In addition, a court will not "re-weigh the evidence" nor, in the event of evidentiary conflict or uncertainty, substitute its judgment for the Commissioner's, "even if we believe the evidence weighs against the Commissioner's decision." *Garcia*, 880 F.3d at 704.

### III.   The ALJ Opinion

The ALJ employed the five-step sequential evaluation to determine whether Plaintiff was disabled. *See* 20 C.F.R. § 404.1520(a); Tr. 32-41. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date, except for a short period in 2015. Tr. 32. At step two, the ALJ found that Plaintiff has the following severe impairments: affective mood disorder, PTSD, fibromyalgia, diabetes mellitus, disorders of the cervical spine, obesity, and headaches. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 34.

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work. Tr. 36. Specifically, the ALJ found that Plaintiff has the RFC to "lift,

carry, push, or pull 1 pounds occasionally and less than 10 pounds frequently; stand or walk about two hours in an eight-hour workday with normal breaks; and sit about six hours in an eight-hour workday with normal breaks." *Id.* Additionally, the ALJ added the following limitations:

> The work may never require climbing ropes, ladders, or scaffolds and is limited to only occasionally reaching overhead, bending, stooping, crouching, and kneeling. Additionally, the claimant should never be required to work in proximity to hazards. Due to the combined impact of pain and his mental impairments, the claimant should be restricted to simple, repetitive, one, two, or three-step tasks. To minimize stress, he should never be required to work at a forced pace. He should be required to have no more than only occasional interaction with the public, coworkers, and supervisors. Due to his limitation in adapting to change, the claimant should never be subjected to more than only occasional changes in the work setting.

Tr. 27.

While the ALJ opined that Plaintiff did not have the RFC to perform his relevant past work, he found that "there were jobs that existed in significant numbers in the national economy that the claimant could have performed," such as documents preparer and eyeglass frame polisher. Tr. 40-41. Accordingly, the ALJ concluded that Plaintiff is not disabled under § 216(i) and § 223(d) of the Social Security Act. Tr. 42.

## IV.    Analysis

Plaintiff asks the Court to vacate the ALJ's decision and remand it to the Commissioner for further proceedings. Plaintiffs argues that the ALJ erred as a matter of law by failing to (1) consider whether Plaintiff's fibromyalgia "meets or equals" one of the Listings of Impairments as required by Social Security Ruling 12-2p; (2) properly consider portions of the state agency medical consultants when determining Plaintiff's RFC; and (3) evaluate the opinion of Plaintiff's treating psychologist, Dr. Juan Gonzalez, in violation of 20 C.F.R. 404.1520c (2017).

### A. Fibromyalgia and the ALJ's Step Three Analysis

Plaintiff argues that the ALJ erred at step three of his analysis by failing to consider whether Plaintiff's fibromyalgia met or equaled one of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, in violation of the SSA regulations and rulings. Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." *Patrick v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-333-TSL, 2022 WL 2813751, at *3 (S.D. Miss. June 30, 2022), *R. & R. adopted*, 2022 WL 2813047 (S.D. Miss. July 18, 2022).

At step three of the disability analysis, an ALJ determines whether the claimant has an impairment that "meets or equals" one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at § 404.1520(a)(4)(iii). The Listing of Impairments in Appendix 1 "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Id.* at § 404.1525 (a).

If the claimant has an impairment that meets or equals one of the listings in Appendix 1 and meets the duration requirement, the ALJ will find the claimant disabled. *Id.* If, however, the claimant has an impairment that is not described in Appendix 1, the ALJ "will compare [the claimant's] findings with those for closely analogous listed impairments," and if those findings are "at least of equal medical significance to those of a listed impairment," the ALJ will find that the impairment is medically equivalent to the analogous listing. *Id.* at § 404.1526(b)(2).

Fibromyalgia is not included in the Listing of Impairments in Appendix 1. Thus, under 29 C.F.R. § 404.1526(b)(2), if a claimant has fibromyalgia, the ALJ must compare the claimant's findings with those for closely analogous listed impairments. In 2012, the SSA issued Social Security Ruling 12-2p to clarify that fibromyalgia "can be a basis for a finding of a disability" and

to provide guidance on how an ALJ determines whether a claimant has a medically determinable impairment of fibromyalgia. Social Security Ruling ("SSR") 12-2p, 2012 WL 3104869, at *2 (July 25, 2012).[1]

Relevant here, SSR 12-2p states that because fibromyalgia is not a listed impairment, the ALJ must determine at step three "whether [fibromyalgia] medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment." *Id.* at 6. Social Security Rulings are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1).

**B. The ALJ Did Not Consider Fibromyalgia**

At step two of his analysis, the ALJ found that Plaintiff had several medically determinable and severe impairments, including fibromyalgia. Tr. 32. Specifically, the ALJ found that the medical records were "consistent with a history of fibromyalgia" and that Plaintiff was medically discharged from the military due to his fibromyalgia. Tr. 37. The ALJ also noted that Plaintiff "showed multiple tender soft tissue trigger points in October 2018 and the presence of fibromyalgia was confirmed with evaluation by a rheumatologist in September 2017." *Id.* Nonetheless, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments" in Appendix 1. Tr. 34.

---

[1] Fibromyalgia can provide the basis for a finding of disability when medical evidence establishes that the claimant has (1) a history of widespread pain in the back and all four quadrants of the body; (2) evidence, such as lab tests, that could rule out other disorders which could account for the claimant's symptoms and signs; and (3) either (a) at least 11 of 18 tender-point sites on physical examination or (b) repeated manifestations of six or more symptoms or co-occurring conditions, especially fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome. SSR 12-2p, 2012 WL 3104869, at *3.

Although Plaintiff argued at the hearing that his fibromyalgia was disabling because he met the requirements of SSR 12-2p,[2] the ALJ does not mention SSR 12-2p in his decision and does not discuss fibromyalgia in his step three analysis. While the ALJ stated in his decision that he "considered the 1.04 [spine disorders], 9.00 [endocrine disorders], 11.02 [epilepsy], 12.04 [depressive disorders], and 12.15 [trauma and stressor-related disorders] listings in light of the clinical signs and diagnostic findings in the medical evidence," he did not compare Plaintiff's fibromyalgia to any of these Listings or any other Listings. Tr. 34. Instead, the ALJ's step three analysis focuses only on whether Plaintiff's mental impairments meet or equal the Listing of Impairments. Tr. 34-36. While the regulations do not require an ALJ to evaluate fibromyalgia only under Listing 14.09D, an ALJ is required to compare a claimant's findings related to fibromyalgia to those for "closely analogous listed impairments" to determine whether those findings were of equal medical significance to those of a listed impairment. 20 C.F.R. § 404.1526(b)(2); SSR 12-2p, 2012 WL 3104869, at *6.

Because the ALJ did not evaluate Plaintiff's fibromyalgia symptoms in light of any of the analogous Listing of Impairments and did not comply with SSR 12-2p or even mention that regulation in his ruling,[3] the undersigned finds that the ALJ erred. *See Patrick*, 2022 WL 2813751, at *4 (finding that ALJ erred in failing to evaluate Plaintiff's fibromyalgia in accordance with SSR 12-2p); *Waterman v. U.S. Comm'r, Soc. Sec. Admin.*, No. 6:15-CV-02699, 2017 WL 1238042, at *10 (W.D. La. Jan. 18, 2017) (finding that ALJ erred when he "did not evaluate the claimant's symptoms in light of Listing 14.09(D) or in light of any other listing"), *R. & R. adopted*, 2017 WL

---

[2] Tr. 104.

[3] *See Derrick v. Soc. Sec. Admin., Comm'r*, No. 21-13388, 2022 WL 791710, at *5 (11th Cir. Mar. 16, 2022) ("The ALJ cited to SSR 12-2p in his decision, further indicating that he properly evaluated [claimant's] fibromyalgia.").

1238038 (W.D. La. Mar. 30, 2017); *see also Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017) (holding that ALJ erred in failing to evaluate claimant's fibromyalgia in light of "fibromyalgia's unique symptoms and diagnostic methods, as described in SSR 12-2P").

## C. The Error Was Not Harmless

Having determined that the ALJ erred in failing to properly consider Plaintiff's fibromyalgia as set out in SSR 112, the Court must determine whether this error was harmless. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

Because the ALJ failed to follow the review required, the undersigned is unable to determine whether and to what extent the ALJ adequately analyzed Plaintiff's fibromyalgia at step three. The ALJ's consideration of Plaintiff's fibromyalgia could have altered his determination at step three and in subsequent steps. Accordingly, the ALJ's error was not harmless. *See Patrick*, 2022 WL 2813751, at *4 (finding that ALJ's failure to evaluate Plaintiff's fibromyalgia in accordance with SSR 12-2p was not harmless because "the ALJ's consideration of fibromyalgia could conceivably alter the ALJ's conclusions about the severity of Plaintiff's impairments and her resulting limitations"); *see also Audler*, 501 F.3d at 449 ("Absent some explanation from the ALJ to the contrary, [the applicant] would appear to have met her burden . . . and therefore her substantial rights were affected by the ALJ's failure to set out the bases for her decision."). Accordingly, this action should be remanded to the Commissioner for further administrative proceedings to allow the ALJ to evaluate Plaintiff's fibromyalgia in accordance with 20 C.F.R. § 404.1526(b)(2) and SSR 12-2p. *See Patrick*, 2022 WL 2813751, at *4; *Waterman*, 2017 WL 1238042, at *11.[4]

---

[4] On remand, the ALJ's consideration of the evidence concerning fibromyalgia may impact his analysis on the subsequent steps. The Court therefore need not address Plaintiff's other arguments for remand.

## V. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **REVERSE** the ALJ's decision, **ENTER** judgment on behalf of Plaintiff,[5] and **REMAND** this case to the Social Security Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this opinion.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 5, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[5] When a district court remands a case under sentence four of 20 U.S.C. § 405(g), it must enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security." 42 U.S.C. § 405; *see also Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (stating that a district court remanding a case pursuant to sentence four of Social Security Act must enter judgment either affirming, reversing or modifying the decision of the Commissioner).